# FEBRUARY, 1910.

---

### IN RE TRANSFER OF CAUSES.

Decided February 2, 1910.

**Transfer of Causes—Nearest County.**

Under the Act of March 10, 1909 (Laws 31st. Leg., p. 88) providing for the transfer by the Supreme Court of causes from one Court of Civil Appeals to another, such causes are required to be taken "from the cases appealed from the counties nearest to the place where the court to which the cases are transferred is held;" and this rule applies, although in its observance it becomes necessary to transfer all cases appealed from the county in which the Court of Civil Appeals from which the transfer is made is held.

In the matter of the transfer of causes from one Court of Civil Appeals to another of the purpose of equalizing the dockets of said courts:

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This being the first instance in which we are called upon to put in force an Act entitled "An Act to amend art. 994a, chapter 12,

title 26, of the State of Texas and declaring an emergency," approved March 10, 1909, we deem it proper to vouchsafe some remarks in justification of our action in the transfer thus made. It is to be noted that, with the exception of providing that we shall transfer cases from those Courts of Civil Appeals having a greater amount of business upon their dockets to the Court of Civil Appeals having a less amount of business upon their dockets, the Act announces but one rule and that is that "cases transferred from any Court of Civil Appeals shall be taken from the cases appealed from the counties nearest to the place where the court to which the cases are transferred is held." To comply with this last requirement we have found it necessary to select a county from which a transfer is to be made that is nearest to the court to which the transfer is to be sent, and to transfer all cases from such county or so many as is necessary to make the quota and if not sufficient to make the quota to take the county that is next nearest to the court to which the transfer is to be made and proceed in the same manner, until the quota is filled. Proceeding in this manner we have in this instance had to transfer over sixty cases from Tarrant County where the Court of Civil Appeals for the Second District sits, to Texarkana, where the Court of the Sixth District holds its sessions, a result not contemplated by the gentlemen who framed the Act. But so the law is written. It is noticeable that the Act passed both houses of the Legislature without a dissenting vote in either, from which it would seem, that "in the multitude of counsel there is wisdom," provided it results in some debate.

We venture to suggest, that when the Legislature comes to amend the Act again, it occurs to us that it would be well to have the Supreme Court to require the several clerks of the Courts of Civil Appeals to send up a list of the undisposed of cases, omitting those that have been submitted or set down for submission and then to require the Supreme Court to designate the number of cases that are to be transferred from one Court of Civil Appeals to another and to leave it to the courts from which the transfers are to be made to select the cases and to actually make such transfers.